IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
RONALD J. BARKHORN             *
                               *
     Plaintiff                 *
v.                             *
                               *   Civil Action No. WMN-15-572
INTERNATIONAL LONGSHOREMEN'S   *
ASSOCIATION, LOCAL 333 et al.  *
                               *
     Defendants                *
  *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Defendant International Longshoremen's Association, Local
333's Motion to Dismiss and in the Alternative for Summary
Judgment, ECF No. 15; all other Defendants' Motion to Dismiss
and, Alternatively, for Summary Judgment, ECF No. 11; and
Plaintiff's Motion for a Preliminary Injunction, ECF No. 7, are
now pending before the Court.  Upon a review of the pleadings
and applicable case law, the Court determines that no hearing is
necessary.  Local Rule 105.6.  For the reasons set forth below,
the Court will deny Plaintiff's Motion for a Preliminary
Injunction and grant Defendants' motions on all counts except
Counts I and II as to International Longshoremen's Association,
Local 333.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ronald Barkhorn, acting pro se, filed this suit
naming six Defendants: International Longshoremen's Association,
Local 333 (Local 333); Steamship Trade Association of Baltimore

(STA); and Ports America Baltimore & Chesapeake, Marine
Terminals Corporation, Ceres Terminals Incorporated, and Tartan
Terminals Incorporated (Employers).  Plaintiff works in the Port
of Baltimore and is a member of Local 333, a union, which
operates as a local affiliate of the International
Longshoremen's Association (ILA).  Plaintiff works for Employers
which are members of STA, a multi-employer association
representing employers in the Port of Baltimore.  The
relationship between employer representative STA and employee
representative Local 333 is governed by a Collective Bargaining
Agreement (CBA).  Plaintiff's five count Complaint alleges age
discrimination in violation of both the Age Discrimination in
Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 et seq. (Count
I) and Maryland Code § 20-606 (Count II); breach of the duty of
fair representation by Local 333 (Count III); breach of contract
by STA (Count IV); and contempt of court for violating the
Harvey Decree (Count V).

The facts set forth in the Complaint taken in the light
most favorable to Plaintiff reveal the following.  Prior to
2006, hiring systems at the port operated in accordance with CBA
provisions mandating that "[p]reference in hiring employees
shall be given to those employees residing in the Port of
Baltimore and vicinity who are best qualified for the job by
experience and prior employment in the work covered by this

Agreement and in accordance with the Seniority System." ECF No. 11-5.  Under these provisions, members of Local 333 were hired for skilled positions with Employers based on a port-wide seniority system, which allowed employees to bid on permanent positions without regard for job classifications, i.e. categories such as top-man/crane operator, foreman, tractor driver, mechanic, gear-man, and longshore class. ECF No. 9 at 6, 11.  In 2006, however, STA and Local 333 agreed to new hiring provisions creating category based barriers for employees seeking to fill permanent positions. Id. at 10.  Since that time, permanent positions have been allocated to workers based on seniority in each job category, hindering Plaintiff from using his port-wide seniority to obtain a position with Employers as a crane operator.  Plaintiff claims these practices discriminate against older employees and other protected classes of workers in breach of the CBA. Id. at 14.  Plaintiff additionally claims the hiring practices violate the Harvey Decree, a 1970 court order mandating that ILA affiliates at the Port of Baltimore implement a seniority system in order to eradicate racial discrimination.

Plaintiff has vocalized his desire to work as a crane operator since 2004. ECF No. 9-3.  Plaintiff speculates that he has not been trained because Local 333 and STA have a secret agreement to train "younger workers who can provide more years

3

of service in the industry." <u>Id.</u>  According to Plaintiff, "[t]he Union from 2007 on told me I was on the list and would be trained soon, then 'the list was lost,' or new administrations came in and threw away the list and put their younger friends or family members at the top." ECF No. 9-6.  When the list was lost in 2008, Plaintiff was told he would be trained if he quit his job as a Tartan ship driver and joined a gang.  ECF No. 9 at 18.  Plaintiff quit his job and joined the Delawder Gang.  <u>Id.</u> After joining the gang, Plaintiff and other employees were "told to our faces workers over forty will not be trained [or] certified."  ECF No. 9 at 12.  Plaintiff alleges that ten younger, less qualified, Local 333 members were trained and certified between 2007 and 2008.

Plaintiff has filed internal complaints with Local 333, complaints with the Equal Employment Opportunity Commission (EEOC), and multiple lawsuits in opposition to the employment practices challenged in this case.  The present Complaint was filed on February 27, 2015, and Defendants claim they have since addressed Plaintiff's concerns through collective bargaining, resulting in a Memorandum of Settlement, the current CBA, entered into on March 25, 2015.  The settlement "addressed dispatching by categories and set out a specific procedure that should be followed when crane training opportunities arise."

ECF No. 15-1 at 2.  Defendants move to dismiss the claims

against them and alternatively seek summary judgment.

## II. Defendants' Motions

A. Legal Standards[1]

Defendants' motions were filed pursuant to Federal Rules of

Civil Procedure 12(b)(1), 12(b)(6), and 56.  "Because

jurisdictional limits define the very foundation of judicial

authority, subject matter jurisdiction must, when questioned, be

decided before any other matter."  United States v. Wilson, 699

F.3d 789, 793 (4th Cir. 2012).  "When a Rule 12(b)(1) motion

challenge is raised to the factual basis for subject matter

jurisdiction, the burden of proving subject matter jurisdiction

is on the plaintiff."  Richmond, Fredericksburg, & Potomac R.R.

Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The

court should grant a 12(b)(1) motion "only if the material

jurisdictional facts are not in dispute and the moving party is

entitled to prevail as a matter of law."  Id.  When a defendant

challenges subject matter jurisdiction "the district court is to

regard the pleadings' allegations as mere evidence on the issue,

and may consider evidence outside the pleadings without

converting the proceeding to one for summary judgment."  Id.

---

[1] When dealing with a pro se party, "the longstanding practice is
to construe pro se pleadings liberally."  Slade v. Hampton Roads
Reg'l Jail, 407 F.3d 243, 252 (4th Cir. 2005).

In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A court considers only the pleadings when deciding a motion to dismiss under Rule 12(b)(6). "If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Rule 56." Villeda v. Prince George's County, MD, 219 F. Supp. 2d 696, 698 (D. Md. 2002). Summary judgment is proper if the evidence before the court establishes that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial responsibility of informing

the court of the basis of its motion and identifying the
portions of the opposing party's case which it believes
demonstrate the absence of a genuine issue of material fact.
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the
moving party overcomes its initial burden, the non-moving party
must, in order to withstand the motion, produce its own evidence
in the form of depositions, declarations, or other documentation
demonstrating the presence of a triable issue of fact.  Id. at
324.  While unsupported speculation is insufficient for this
purpose, Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th
Cir. 1987), any dispute over facts that may affect the outcome
of the case is considered material and will defeat a summary
judgment motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
247-48 (1986).

B. Counts I and II: Age Discrimination

     The ADEA forbids an employer from taking an adverse
employment action against an employee because of that employee's
age.  29 U.S.C. § 623(a)(1-3).  Similarly, it is unlawful under
Maryland law for an employer to "refuse to hire, discharge, or
otherwise discriminate against any individual with respect to
the individual's compensation, terms, conditions, or privileges
of employment because of ... age."  Md. Code Ann., State Gov't §
20-606(a)(1).  Plaintiff has not asserted a distinction between
his federal and state age discrimination claims, therefore, the

7

Court will apply the same standard to both claims.  See Avant v. S. Maryland Hosp., Inc., Civil No. GJH-13-02989, 2015 WL 435011, at *9 (D. Md. Feb. 2, 2015) (analyzing plaintiff's state law § 20-606 claim under the same paradigm as her federal ADEA claim); see also Blakes v. City of Hyattsville, 909 F. Supp. 2d 431, 444 (D. Md. 2012) ("Plaintiff's state law racial discrimination claim duplicates his Title VII racial discrimination claim and fails for the same reasons.").

An employee alleging unlawful age discrimination must file an administrative charge with the EEOC, or a similar state or local agency with authority to seek relief, before bringing a suit under the ADEA.  29 U.S.C. § 626(d).  Failure to file a charge and exhaust administrative remedies deprives a federal court of subject matter jurisdiction over an ADEA claim.  Id.; See Vance v. Whirlpool Corp., 707 F.2d 483, 486-489 (4th Cir. 1983)(holding the plaintiff's failure to wait 60 days after filing federal administrative charge before bringing suit in federal district court deprived court of subject matter jurisdiction).  Because Plaintiff never filed an EEOC charge against Defendant Employers, he failed to exhaust his administrative remedies as to those Defendants and all age discrimination claims against them will be dismissed for lack of subject matter jurisdiction.

As for STA, Plaintiff filed EEOC charge 531-2013-0079 on January 18, 2013, alleging age discrimination.  ECF No. 24-3. The administrative process concluded by way of a Mediation Settlement Agreement (MSA) signed on March 5, 2014, in which Plaintiff agreed not to institute an ADEA lawsuit based on the charge in exchange for the following promise made by STA:

> As of today, Respondent [STA] is unaware of any referral from Local 333 to send Charging Party to Crane Operator Training.  The parties agree that if Charging Party joins a gang and gets referred for Crane Operator Training by Local 333, Respondent will support the referral and send Charging Party to training barring any change to the process in Negotiated Bargaining Agreement.

ECF No. 11-2.  Fourteen days after entering into the MSA, STA received a Notice of Charge of Discrimination for a second EEOC charge, 531-2014-00982, concerning the same claim resolved through mediation.  Plaintiff's Complaint alleges that the second charge was filed because STA "did not adhere to their settlement in mediation," yet Plaintiff has not presented the Court with any evidence which would tend to show a breach by STA.  Plaintiff incorrectly believes "STA must stay a party to this action through discovery to find facts on th[e] issue" of whether the MSA was violated.  ECF No. 24 at 4.[2]  Based on the

---

[2] Additionally, Plaintiff asserts that the settlement agreement is invalid due to false legal advice from the Mediator, yet the MSA clearly states Plaintiff was "advised to consult with an attorney and [] given a reasonable time to consider the agreement before signing."  ECF No. 11-2 at 1.

timing of this second charge, the fact that Plaintiff's
identical age discrimination claim was resolved by an
enforceable settlement agreement, and because there is no
evidence that STA breached the terms of that agreement, the
Court will grant summary judgment in favor of STA as to Counts I
and II.

Lastly, Local 333 moves to dismiss Counts I and II for lack
of subject matter jurisdiction, for failure to state a claim, or
in the alternative on summary judgment.  Local 333 asks the
Court to dismiss Plaintiff's age discrimination claims for lack
of subject matter jurisdiction based on Plaintiff's failure to
exhaust his administrative remedies by filing a charge with
Local 333 as respondent.  ECF No. 15-1 at 4.  In examining Local
333's argument, the Court notes that "[t]he major underlying
purpose of the exhaustion requirement ... is to ensure that
employers have notice of claims of discrimination." Harris v.
Honda, 213 F. App'x 258, 262 (5th Cir. 2006).  Plaintiff filed
EEOC charge 531-2014-00981 against ILA on or about March 7,
2014, and a Notice of Right to Sue was issued on December 1,
2014, to Ricker McKenzie, Union Representative, International
Longshoremen's Association, North Bergen, NJ, 07047.  Local 333
claims it was not notified that an EEOC charge was filed or
processed or that a right to sue letter was issued, yet
Plaintiff has presented evidence that Local 333 received copies

10

of the charging documents through both email and fax.  ECF No.
24-8.  Plaintiff additionally asserts that at the time the
charge was filed, Local 333 was in trusteeship, under the
control of ILA.  ECF No. 25 at 10.  The Court finds Local 333
received adequate notice of Plaintiff's EEOC charge based on age
discrimination, and therefore, the Court has subject matter
jurisdiction over Plaintiff's ADEA claim.

Second, Local 333 asserts Plaintiff failed to state a claim
of discrimination in his EEOC charge that falls within the
limitations period.  Local 333 states that "the lack of any
facts in the EEOC Charge that give rise to a claim within the
300 day window[3] should be sufficient to dismiss" Plaintiff's
claim.  ECF No. 15-1 at 4-5.  Although Plaintiff's EEOC charge
contains a detailed explanation of events from 2006 to present,
the Court finds the EEOC charging documents include allegations
of discrimination within the 300 day period sufficient to
survive Local 333's motion.  See ECF No. 9-5, ("<u>[t]he latest
violation of systemic ADEA/ADA</u> for myself was February 2014 when
STA-ILA awarded top man job ...") (emphasis in original).  The
time-barred portions of Plaintiff's charge will not preclude him
from moving forward with claims inside the 300 day window,

_____

[3] For ADEA claims, "the limitations period is ... 300 days when
state law proscribes the alleged employment practice and the
charge has initially been filed with a state deferral agency."
<u>Tinsley v. First Union Nat'l Bank</u>, 155 F.3d 435, 439 (4th Cir.
1998).

however, Local 333 correctly points out that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained" in this suit.  <u>Evans v. Tech. Applications & Serv. Co.</u>, 80 F.3d 954, 963 (4th Cir. 1996).

Finally, Local 333 seeks summary judgment on Plaintiff's age discrimination claims.  As stated above, "a party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying the portions of [the opposing party's case] ... which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex</u>, 477 U.S. at 323.  Local 333 has not met this initial burden as it has failed to inform the Court of the basis for its summary judgment motion on these counts.  Furthermore, Local 333's Reply, ECF No. 26, does not address the arguments put forth in Plaintiff's opposition.  Although the underlying issues in Plaintiff's EEOC charge <u>may</u> have been resolved through collective bargaining in March of 2015, as reiterated by Local 333 throughout its motion, Plaintiff may maintain his age discrimination claims and seek relief for past discrimination suffered.  Local 333's motion will be denied as to Counts I and II.

C. Counts III and IV: Hybrid § 301

Plaintiff filed Count III against Local 333 for breach of the duty of fair representation and Count IV against STA for breach of contract pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Actions including both a contractual claim against an employer and a fair representation claim against a union are known as hybrid § 301 claims.  United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 66 (1981).  These hybrid claims are "inextricably interdependent."  Id.  If the plaintiff cannot demonstrate that the union has breached its duty of fair representation, the plaintiff is foreclosed from enforcing his contractual rights in federal court.  Bruce v. Local 333, International Longshoremen's Ass'n AFL-CIO, 189 F. Supp. 2d 282, 290 (D. Md. 2002).  Because Plaintiff cannot demonstrate that Local 333 breached its duty of fair representation, all Defendants will be granted summary judgment as to Counts III and IV.

The duty of fair representation extends to union conduct during the negotiation or administration of a CBA.  Dement v. Richmond, Fredericksburg & Potomac R.R. Co., 845 F.2d 451, 457 (4th Cir. 1988).  Specifically, a union must fairly represent all of its members in negotiating the terms of a CBA.  Id.  If a union's conduct in negotiating an agreement is "arbitrary, discriminatory or in bad faith" it has not met the duty of fair

representation.  Id.  A union member does not, however, have "an
absolute right to have his grievance taken to arbitration" as a
union may opt to screen frivolous or clearly deficient claims.
Vaca v. Sipes, 386 U.S. 171, 191 (1967).  Exhibit F to
Plaintiff's Complaint includes grievances filed by Plaintiff
with Local 333 in January and February of 2015.  ECF No. 9-6.
In his Complaint, Plaintiff alleges Local 333 breached its duty
of fair representation by refusing to process these grievances,
and by failing to use the collective bargaining process to
address the complained-of hiring practices promoting age
discrimination and disparate treatment in violation of the CBA.
ECF No. 9 at 28.

      Local 333 moves to dismiss Count III as untimely.  ECF No.
15-1 at 8.  Under Section 10(b) of the National Labor Relations
Act, the applicable statute of limitations for a hybrid § 301
claim is six months.  Del Costello v. International Brotherhood
of Teamsters, 462 U.S. 151, 169 (1983).  A cause of action
accrues when the plaintiff "knows or should have known through
an exercise of reasonable diligence of the acts constituting the
alleged violation."  Gilfillan v. Celanese AG, 24 F. App'x 165,
167 (4th Cir. 2001).  The statute of limitations for a hybrid §
301 claim may be extended, however, if the plaintiff can show a
continuing violation.  International Longshoremen's Ass'n,
Steamship Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals

Inc., Civil No. 95-2288, 1996 WL 181487, at *2 (4th Cir. April 17, 1996).  In determining whether there is a continuing violation, the Fourth Circuit looks to whether the "operative facts" underlying the cause of action occurred within the six-month period.  Id. at 3-4.  If the acts at the heart of the complaint lie outside the six-month limitations period, the action is barred.  Sewell v. International Longshoremen's Association, Local No. 333, Civil No. SKG-12-00044, 2013 WL 1316098, at *8 (D. Md. Mar. 27, 2013).

Plaintiff states again and again that his grievances concern practices which began in 2006, outside the limitations period.  Therefore, in order to determine whether Plaintiff can show a continuing violation, the Court will consider whether the operative facts underlying his cause of action occurred within the six-month period.  According to Sewell, "if plaintiffs 'chief quarrel' is with a board decision regarding a [particular policy] and the decision was issued more than 6 months before the complaint, the action is time-barred, despite the continuation of the complained-of policy."  2013 WL 1316098 at 8.  Plaintiff's chief quarrel is with allegedly discriminatory category hiring and training policies adopted by STA and Employers and agreed to by Local 333 in 2006.  Plaintiff is unable to meet the continuing violation standard because the action at the heart of Plaintiff's Complaint is Local 333's

alleged acquiescence to practices that have been in place for over 9 years, well outside the limitations period.

Assuming, arguendo, that Count III was timely filed, liability for breach of the duty of fair representation is imposed "only if the Union's actions were wholly unreasonable." Shufford v. Truck Drivers, Helpers, Taxicab Drivers, Garage Employees, and Airport Employees Local Union No. 355, 954 F. Supp. 1080, 1087 (D. Md. 1996); see also Jones v. Union Carbide Chemicals and Plastics Co., Inc., Civil No. 94-1145, 1995 WL 564404, at *6 (4th Cir. Sept. 25, 1996) ("A court can find a union's actions arbitrary for purposes of a breach of the duty of fair representation only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness ... as to be irrational."). Plaintiff has not presented sufficient evidence to allow a reasonable jury to conclude that Local 333's response to Plaintiff's grievances was irrational. It appears Local 333 pursued Plaintiff's grievances regarding these matters and others since 2006, voting on many, advancing some to arbitration, and as of March, 2015, a month or so after Plaintiff's most recent grievances were filed, addressed the underlying issues based on training and category hiring through collective bargaining. Since Plaintiff cannot demonstrate that Local 333 breached its duty of fair representation, the hybrid §

301 suit against Local 333 and STA must fail.  Accordingly, the
Court will grant summary judgment in favor of all Defendants as
to Counts III and IV.

D. Count V: Contempt of Court

    Count V alleges violation of a 1970 consent decree issued
by Judge Alexander Harvey, II, in United States v. International
Longshoremen's Ass'n, a case brought by the government against
former Port of Baltimore ILA locals due to alleged violations of
the Civil Rights Act.  319 F. Supp. 737 (D. Md. 1970) aff'd, 460
F.2d 497 (4th Cir. 1972).  The decree permanently enjoined and
restrained ILA and ILA locals "from discriminating against
persons on account of race in employment opportunities ... and
from engaging in any act or practice which had the purpose or
effect of discriminating against Negroes."  ECF No. 9-1.  The
order directed the implementation of a non-discriminatory
seniority system, mandated the merger of Local 829 and 858
(Local 333's predecessors), and put into place various reporting
requirements.  In spite of failed attempts on behalf of
Plaintiff and others to file suit against ILA and ILA affiliates
under this guise,[4] Plaintiff again claims Defendants are in

---

[4] In Count V, Plaintiff claims Defendants failed to "abide by and
utilize the seniority plan approved by this Court."  ECF No. 9
at 32.  To the extent Plaintiff seeks to enforce the seniority
plan approved by this Court, his claim was properly brought
under Count IV breach of contract.  See Sewell, 2013 WL 1316098,

"contempt of court for violating the Harvey Decree."  ECF No. 9 at 32.  Plaintiff asks the Court to enforce the terms of the decree, and additionally seeks to extend its protections for African American employees to all longshoremen, regardless of race, at the port.  Defendants move to dismiss Count V for lack of standing.

Court enforcement of a consent decree is governed by contract principles.  United States v. ITT Continental Baking Company, 420 U.S. 223, 238 (1975).  In Blue Chip Stamps v. Manor Drug Stores, the Supreme Court found that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it."  421 U.S. 723, 750 (1975); see, e.g., Dahl, Inc. v. Roy Cooper Co., 448 F.2d 17, 20 (9th Cir. 1971) ("[o]nly the Government can seek enforcement of its consent decrees"); see also Hook v. Arizona Dept. of Corr., 972 F.2d 1012, 1015 (9th Cir. 1992) ("[b]ecause the Government knew at the time it entered the consent decree that the private beneficiaries it intended to benefit would be unable to bring actions to enforce the consent decree, the private beneficiaries were only incidental third party beneficiaries").  Plaintiff was not a party to the suit giving rise to the Harvey Decree, and because

---

at *12 ("the seniority section of the CBA is the current expression of the Harvey Decree.").

that suit was brought by the government with the purpose of
protecting African American employees from discrimination based
on race, color, and national origin in the Port of Baltimore,
Plaintiff is at best an incidental third party beneficiary of
Judge Harvey's order.  As such, Plaintiff lacks standing to
enforce or request modification of the decree.  See
International Longshoremen's Association, Local 333 v.
International Longshoremen's Association, AFL-CIO, CCB 15-00813,
2015 WL 6693995, at *8 ("this court is not aware of, any
precedent allowing a nonparty to modify the terms of a
contractual agreement.").  For the reasons discussed herein,
Count V will be dismissed as to all Defendants.

**III. Plaintiff's Motion**

Plaintiff filed a Motion for Preliminary Injunction on June
23, 2015.  ECF No. 7.  Defendants have not opposed the motion,
and it appears Local 333 incorrectly believes that ECF No. 7 was
not accepted into the record.  ECF No. 15-1 at 9.  Nonetheless,
a preliminary injunction is "an extraordinary remedy that may
only be awarded upon a clear showing that the plaintiff is
entitled to such relief." Winter v. Nat. Res. Def. Council,
Inc., 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary
injunction must establish that he is likely to succeed on the
merits, that he is likely to suffer irreparable harm in the
absence of preliminary relief, that the balance of equities tips

19

in his favor, and that an injunction is in the public interest."
Id. at 20.  The first Winter factor is dispositive here as
Plaintiff has not demonstrated a likelihood of success on the
merits.  While the Court, after liberally construing the
pleadings in Plaintiff's favor, has allowed two claims to go
forward, Plaintiff's Complaint is convoluted and at times
incomprehensible, as is his motion which does not appear to
address the ultimate likelihood of success of any of the five
claims in his Complaint.  In conclusion, Plaintiff has not made
a clear showing that he is likely to succeed on the merits, and
therefore, his Motion for a Preliminary Injunction, ECF No. 7,
shall be denied.

**IV. CONCLUSION**

For the above-stated reasons, the Court will deny
Plaintiff's Motion for a Preliminary Injunction and grant
Defendants' motions on all counts except Counts I and II against
Local 333.  A separate order will issue.

_____/s/_____ _____
William M. Nickerson
Senior United States District Judge

DATED: January 8, 2016